Judge Robertson
delivered the opinion of the Court.
No error to the prejudice of any' of the plaintiffs in error, is perceived in this case, unless *404 jj; was error to decree in favor of Callis vs. Thomas Whitledge and Humphreys and wife. As guardian, Callis was not entitled for boarding, clothing and educating his wards, or for other disbursements for *k'eir use an^ benefit, to more than the amount of the annual profits which their estates respectively yielded,
shoulVbe al-towed no more, for boarding, cloathing, other d's’ ^ bursements for use of his ward, than annual profits of ward’s estate.
The record does not certainly show, what were the Pr°fr*s 0Mrs. Humphrey’s estate. And it does not show that the profits of Thomas’s estate were equal to the annual allowance to Callis, for boarding, &c.- . ,
1 here is some reason to infer, from the record, that the wards had land, but how much, or of what value, or in what condition, is not even stated. It is also evident that they had money in the bands of the executor. But it is not sho wn what the interest, on the portion of it to which Thomas and Mrs. Hum-phreys were entitled respectively, would amount to.
As, therefore, the decree against Thomas Whit-ledge and Humphreys and wife, is for more than the profits of their estates are proved to have amounted to, the decree as to them must be reversed. But as to the other plaintiffs in error, it is affirmed.
When the cause shall return to the circuit court, a commissioner should be appointed to, ascertain what were the annual profits of the whole estate, in possession or in action, to which Thomas Whitledge and Mrs. Humphreys were entitled; and the court should then confirm the allowance heretofore made to Callis, and make an additional allowance for his trouble, if the amount of the profits will permit. If the profits were not sufficient for these allowances, the credits to Callis must be reduced, so as not to exceed the income of the wards.
The decree was, in some respects, erroneous, to the prejudice of Callis, and in favorof some of the heirs; but his appeal having been dismissed, no error of that kind can be noticed.
The decree, as to Thomas Whitledge and Hum-phreys and wife, is, therefore, reversed, and the cause remanded, with instructions to institute such pro- *405 eeedings and render such decree as shall be conformable to this opinion.
Denny, for plaintiff; Talbot, for defendant.
The successful parties here, must have their costs, and the other plaintiffs in error must pay costs to Califa.